**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT DISTER, *et al.*, | No. C 07-01377 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 30] |
| APPLE-BAY EAST, INC., | |
| Defendant. | |

Before the Court is plaintiff Robert Dister's motion to stay this action [Docket No. 30] pursuant to Civil Local Rule 7-11, which governs administrative matters. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, Dister's motion to stay is hereby DENIED.

## BACKGROUND

This is a putative class action lawsuit brought by patrons of Applebee's restaurants under the Fair and Accurate Credit Transaction Act (FACTA), which was passed in 2003 to assist in the prevention of identity theft and credit and debit card fraud. *See* Docket No. 1 at 2; *see also* 15 U.S.C. § 1681. The defendant is Apple-Bay East, Inc. (Apple), a California corporation that owns and operates 10 Applebee's restaurants. *See* Docket No. 34 at 4.

The lead plaintiff is Robert Dister, a teacher at the University of California, Berkeley who, on February 23, 2007, walked into an Applebee's restaurant and bought a meal for $6.51. Dister Decl. ¶ 3. After paying with his MasterCard, Applebee's provided Dister with an electronic receipt containing the last four digits of his account number and the expiration date of his credit card. *Id.* at ¶ 4. FACTA provides that ". . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date* upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681C(G)(1) (emphasis added).

Dister, on behalf of all others similarly situated, commenced this suit on March 8, 2007, alleging a violation of 15 U.S.C. § 1681.  He seeks to represent a class of people who received an electronic receipt from the defendant on or after December 4, 2006.  *See* Docket No. 24 at 4.  On October 9, 2007, Dister filed a motion to certify the class.  *Id.*  Apple is in the midst of preparing its response.  Rudin Decl., ¶ 7.

Sometime prior to the filing of Dister's motion for class certification, in late August of 2007, the parties conferred about the prospect of staying the case pending a decision by the Ninth Circuit on whether to grant a petition for review in a similar FACTA class action case.  Apple declined to stay the case, and Dister did not file a motion to stay at that time.  *See* Docket No. 34 at 1.

On September 13, 2007, the Court of Appeals granted permission to appeal the district court's decision in *Soualian v. International Coffee and Tea LLC*, CV07-502 (C.D. Cal. June 11, 2007) (Klausner, J.).  *See* Docket No. 30, Ex. A at 5.  In *Soualian*, a plaintiff filed a class-action suit after receiving an electronic receipt from the defendant that contained the expiration date of her credit card and the last five digits of her card number.  *Id.* at 1.  In denying the plaintiff's motion for class certification based on her failure to meet the "superiority" requirement of Federal Rule of Civil Procedure 23(b)(3), the district court reasoned that

> [w]here massive damage awards would be disproportionate to any
> actual damage caused by the alleged violations, class action is not
> the superior method of adjudicating class members' claims.  Denial
> of class certification in this case does not prevent any of the Defendant's
> customers seeking statutory and punitive damages, or those who may
> have suffered actual damages as a result of Defendant's conduct, from
> proceeding with individual cases to recover those damages.

*Id.* at 4.  As in *Soualian*, the present case involves no allegations of actual harm to individual plaintiffs, but does involve potentially large penalties "in excess of $217 million based solely on an alleged technical violation that resulted in no harm to Plaintiff or anyone else."  Docket No. 34 at 4.

On October 23, 2007, in the midst of discovery and two weeks after Dister filed his motion for class certification, the parties again discussed the possibility of staying the present action in light of the Ninth Circuit's pending review of the *Soualian* appeal.  The following day, Apple again declined to stipulate to a stay, stating that it would also oppose any motion to shorten time because the plaintiff's

proposed briefing schedule, which allowed only two days for Apple to file its opposition, would place an undue burden on the defendant.  Rudin Decl., ¶¶ 9-10.

On October 29, 2007, Dister filed an administrative motion to stay pursuant to Civil Local Rule 7-11, which provides

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

FED. CIV. L. R. 7-11.  The Local Rules allow an opposing party three days to respond to an administrative motion.  *Id.*  In addition to objecting to Dister's motion to stay on substantive grounds, Apple objects to the use of Local Rule 7-11 as a procedural device to bring a motion to stay.

## LEGAL STANDARDS

The District Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)).  In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  These interests include: 1) the possible damage which may result from the granting of a stay, 2) the hardship or inequity which a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Id.*

The moving party bears the burden of proving that a stay is warranted. *American Honda Motor Co. v. The Coast Distribution System*, *1 WL 67251 (N.D. Cal. 2007) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  The moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1109; *see Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498  F.3d 1059, 1066 (9th Cir. 2007).

3

**ANALYSIS**

**A.      Motion to stay as an administrative motion**

Apple first challenges the manner in which Dister brings his motion to stay.  *See* Docket No. 34 at 2-3.  Dister's motion was filed pursuant to Local Rule 7-11, which pertains to administrative matters "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal. . . ."  FED. CIV. L. R. 7-11.  This Rule, Apple argues, was not meant to include a motion to stay "consisting of over a hundred pages of supporting documentation."  Docket No. 34 at 1.  Both parties cite *Advanced Internet Techs., Inc. v. Google Inc.*, WL 889477 (N.D. Cal. 2006) (Whyte, J.) to support their own arguments.  In *Advanced Internet Techs.*, the Court noted that "[a] request for a stay in a putative class action is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. [7-11]."[1]  *Id.* at *1.  However, the Court decided to grant Google's motion to stay based on the "substantial merit of Google's request and the lack of prejudice to [the plaintiff]."[2]  *Id.*

In the present case, Dister acknowledges that Rule 7-11 "may not be the ideal way to present a request for the stay of a class action."  Docket No. 30 at 3, n. 1.  But the plaintiff explains that "[a]s Defendant would not agree to a briefing schedule on Plaintiff's motion for a stay that would permit the Court to consider Plaintiff's motion before the parties invested any more time and resources in this action, Plaintiff had little choice but to file the instant motion pursuant to Civil L.R. 7-11."  *Id.*

The plaintiff offers no authority[3] to support his use of Local Rule 7-11 as a device to speed up the briefing schedule for a motion to stay based upon the need to preserve "time and resources."  Whether credible or not, such use of Local Rule 7-11 by the plaintiff still fails to explain why he did not

---

[1]The *Advanced Internet Techs* court cites Local Rule 7-10(b), although there presently is no such rule.  The primary rule governing administrative motions is Rule 7-11.

[2]Google's moving papers offer no clue as to why it chose Rule 7-11 as a vehicle for a motion to stay.  In its reply, Google does not even dispute the plaintiff's contention that such an action is procedurally improper.  *Advanced Internet Techs*, CV05-02885, Docket Nos. 20, 25, 28.

[3]The *Advanced Internet Techs* case cited by the plaintiff supports only the proposition that at least one other court has granted a stay filed as an administrative motion under the Local Rules; it does not support the reason plaintiff gives for using the administrative motion rather than a standard motion to stay.

4

1    file a motion to stay sometime in September of 2007, after learning about the granting of the *Soualian*
2    appeal.  Instead, he decided to wait and file his administrative motion on October 29, 2007, some two
3    weeks after filing his motion for certification and well into the discovery process.  Under Local Rule
4    7-11, an opposition to an administrative motion must be filed within three days of the initial motion.
5    By contrast, Local Rules 7-2 and 7-3, the standard rules governing time constraints on motions, would
6    have allowed Apple at least two weeks to respond to Dister's motion.[4]

7          Since it was the plaintiff who originally chose to file and pursue this action, the Court finds that
8    the plaintiff's use of Local Rule 7-11 to speed up the litigation in order to save "time and resources" is
9    an improper vehicle to bring a motion to stay in a putative class action suit.

10   **B.    Dister's motion to stay**

11         However, even if such an administrative stay were procedurally proper in this case, Dister's
12   motion to stay lacks substantive merit.  The plaintiff contends the Court should stay this matter because
13   such an action would not prejudice either party and would promote the "orderly course of justice."
14   Docket No. 30 at 4; *CMAX*, 300 F.2d at 268.  He cites numerous district court cases in which the parties
15   stipulated to stay similar FACTA actions until the outcome of the *Soualian* appeal.  However, all of
16   these cases involve the mutual agreement of the parties; none of them discusses the merits of a contested
17   motion to stay based upon the pending *Soualian* appeal.

18         One recent Northern District Court case, cited by Apple, does involve a contested motion to stay
19   in a FACTA action.  In *Moon v. FedEx Kinko's Office and Print Services, Inc*., CV06-07657 (N.D. Cal.
20   2007) (Illston, J.), the Court denied the motion to stay without discussion.  Another district court has
21   even denied a motion to stay pending the *Soualian* appeal even though both parties had agreed to stay
22   the action.  *See Lopez v. KB Toys Retail, Inc*., CV07-00144, Order Denying Motion Staying Discovery
23   During Pendency of Petition to Ninth Circuit Court of Appeals (C.D. Cal. Aug. 8, 2007).

24

25   _____

26   [4]Local Rule 7-2 provides that "all motions must be filed, served and noticed in writing on the motion
     calendar of the assigned Judge for hearing not less than 35 days after the service of the motion."  Local
27   Rule 7-3 provides that "[a]ny opposition to a motion must be served and filed not less than 21 days
     before the hearing date."

28

1      **1.       Hardship to the parties**

2          In this case, both parties claim some type of hardship.  Apple claims it is fully engaged in

3 responding to and propounding discovery, and is very close to filing its response to Dister's motion for

4 class certification.  *See* Docket No. 34 at 3.  The grant of a stay at this junction, Apple argues, would

5 be unfair since Dister could have filed a timely motion to stay several months ago when a petition for

6 review was filed in the *Soualian* case.  Dister claims it will be a hardship for him to forge ahead in the

7 case because there may be "little point in investing more of his scarce resources litigating an issue that

8 this Court may very well decide is better left for another day."  Docket No. 30 at 4.

9          Both parties' claims of hardship ring hollow.  Apple cannot complain about the expenditure of

10 its resources through discovery because "being required to defend a suit, without more, does not

11 constitute a clear case of hardship or inequity within the meaning of *Landis*."  *Lockyer*, 398 F.3d at

12 1112.  On the other hand, Dister cannot point to his "scarce resources" because he initiated the suit

13 without ever contemplating a Ninth Circuit appeal of a similar case, and continued to make a deliberate

14 choice to prosecute this action after the Ninth Circuit granted permission to appeal *Soualian*.  Although

15 neither party makes a clear case of hardship, the burden to do so ultimately rests on the moving party.

16 *American Honda Motor Co.*, *1 WL 67251 (citing *Clinton*, 520 U.S. at 708).

17      **2.      "Orderly course of justice"**

18          Another interest to be weighed in deciding upon a motion to stay is whether such action will

19 promote the "orderly course of justice measured in terms of the simplifying or complicating of issues,

20 proof, and questions of law which could be expected to result from a stay."  *Lockyer*, 398 F.3d at 1110.

21 Here, Dister contends that an "intra-circuit split" concerning class certification issues in FACTA class

22 actions warrants a stay in order to await the pending Ninth Circuit appeal.  *See* Docket No. 30 at 4.  The

23 plaintiff notes that many parties, similarly situated in class actions in California district courts, have

24 stipulated to stays based upon the outcome in *Soualian*.  *Id.* at 2-3.  While it is true these cases show

25 many class action litigants have mutually agreed to place their own actions on hold, it does not

26 necessarily follow that all defendants, even ones who vigorously oppose any stay, should be forced to

27 wait many months to resolve their own disputes.  As the Supreme Court explains, "[o]nly in rare

28

circumstances will a litigant in one c[a]se be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1109-10.

The party briefs in the *Soualian* appeal will not even be fully submitted until mid February of 2008. *See* Docket No. 30, Ex. C at 40. As it is unclear when the Ninth Circuit will render its opinion, Dister's request for a stay is open-ended and would require both parties to simply sit and wait for months on the sidelines of their own action. The granting of a stay at this juncture would foreclose any possibility of the parties resolving their dispute in a timely fashion or of the Court disposing of issues unrelated to those on appeal in *Soualian*.

Moreover, the impact of any *Soualian* decision on the present case is, at most, speculative. As Apple notes, "even assuming the Ninth Circuit renders a decision in *Soualian* as to the issue of superiority under [Federal class action rules], it is possible the decision will be readily distinguishable from the facts before this Court." Docket No. 34 at 4-5. For example, the size of the defendants and the amount of damages sought in both cases are quite different.[5] Rudin Decl., ¶ 8. While any Appeals Court decision may bolster or weaken Dister's case, it may also have no effect: the superiority requirement is only one of several reasons why a court may grant or deny class certification.[6]

Since Dister has not shown any "clear case of hardship and inequity"[7] if he is required to move forward, and since a stay will not promote the "orderly course of justice" due to the speculative and remote nature of *Soualian's* impact on this case, the plaintiff has failed to meet his burden to show that a stay is warranted.

---

[5]In *Soualian*, the Court noted the defendant could be liable for statutory damages ranging from $4.8 million to $48 million. *See* Docket No. 30, Ex. A at 4. In the present case, Apple claims its damages could be more than $217 million. *See* Docket No. 34 at 4.

[6]*See* Docket No. 34 at 5, where plaintiff cites several California district court cases that have denied class certification for reasons other than superiority.

[7]*Landis,* 299 U.S. at 255.

7

**CONCLUSION**

Accordingly, Dister's motion to stay this action [Docket No. 30] is DENIED.

IT IS SO ORDERED.

November 14, 2007

_Saundra B Armstrong_

Saundra Brown Armstrong

United States District Judge

8