RICHARD P. SYBERT, Bar No. 080731
e-mail: rsybert@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, CA 92101
tel: (619) 696-6700
fax: (619) 696-7124

AARON P. RUDIN, Bar No. 223004
e-mail: arudin@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 49th Floor
Los Angeles, CA 90071-2007
tel: (213) 576-5000
fax: (213) 680-4470

DION N. COMINOS, Bar No. 136522
dcominos@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
tel (415) 986-5900
fax (415) 986-8054

Attorneys for Defendant
APPLE-BAY EAST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ROBERT DISTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> APPLEBEE'S INTERNATIONAL, INC. and APPLE-BAY EAST, INC., <br><br> Defendants. | Case No. C 07-1377 SBA <br> Hon. Saundra B. Armstrong <br><br> **JOINT STIPULATED PROTECTIVE ORDER** |

///

//

//

- 1 -

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 07-1377 SBA**

1    1. PURPOSES AND LIMITATIONS

2         Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be

5    warranted.  Accordingly, Plaintiff Robert Dister and Defendant Apple-Bay East, Inc.

6    (collectively "the parties") hereby stipulate to and petition the court to enter the following

7    Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

8    protections on all disclosures or responses to discovery and that the protection it affords extends

9    only to the limited information or items that are entitled under the applicable legal principles to

10   treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

11   this Stipulated Protective Order creates no entitlement to file confidential information under seal;

12   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

13   that will be applied when a party seeks permission from the court to file material under seal.

14       2. DEFINITIONS

15       2.1    Party: any party to this action, including all of its officers, directors,

16   employees, consultants, retained experts, and outside counsel (and their support staff).

17       2.2    Disclosure or Discovery Material: all items or information, regardless of

18   the medium or manner generated, stored, or maintained (including, among other things,

19   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

20   responses to discovery in this matter.

21       2.3    "Confidential" Information or Items: information (regardless of how

22   generated, stored or maintained) or tangible things that qualify for protection under standards

23   developed under Fed.R.Civ.P. 26(c).

24       2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items:

25   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

26   non-party would create a substantial risk of serious injury that could not be avoided by less

27   restrictive means.

28

- 2 -
**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C 07-1377 SBA**

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

- 3 -

STIPULATED PROTECTIVE ORDER

CASE NO.  C 07-1377 SBA

1  parties or counsel to or in court or in other settings that might reveal Protected Material.

2      4. <u>DURATION</u>

3      Even after the termination of this litigation, the confidentiality obligations imposed by

4  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

5  order otherwise directs.

6      5. <u>DESIGNATING PROTECTED MATERIAL</u>

7      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

8  Each Party or non-party that designates information or items for protection under this Order must

9  take care to limit any such designation to specific material that qualifies under the appropriate

10 standards. A Designating Party must take care to designate for protection only those parts of

11 material, documents, items, or oral or written communications that qualify - so that other

12 portions of the material, documents, items, or communications for which protection is not

13 warranted are not swept unjustifiably within the ambit of this Order.

14     Mass, indiscriminate, or routinized designations are prohibited. Designations that

15 are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

16 unnecessarily encumber or retard the case development process, or to impose unnecessary

17 expenses and burdens on other parties), expose the Designating Party to sanctions.

18     If it comes to a Party's or a non-party's attention that information or items that it

19 designated for protection do not qualify for protection at all, or do not qualify for the level of

20 protection initially asserted, that Party or non-party must promptly notify all other parties that it

21 is withdrawing the mistaken designation.

22     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

23 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

24 ordered, material that qualifies for protection under this Order must be clearly so designated

25 before the material is disclosed or produced.

26     Designation in conformity with this Order requires:

27     (a) <u>for information in documentary form</u> (apart from transcripts of

28 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

- 4 -

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

2   of each page that contains protected material.  If only a portion or portions of the material on a

3   page qualifies for protection, the Producing Party also must clearly identify the protected

4   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

5   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

7           A Party or non-party that makes original documents or materials available

8   for inspection need not designate them for protection until after the inspecting Party has

9   indicated which material it would like copied and produced.  During the inspection and before

10  the designation, all of the material made available for inspection shall be deemed "HIGHLY

11  CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

12  documents it wants copied and produced, the Producing Party must determine which documents,

13  or portions thereof, qualify for protection under this Order, then, before producing the specified

14  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that

16  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

17  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

18  making appropriate markings in the margins) and must specify, for each portion, the level of

19  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY").

21          (b) for testimony given in deposition or in other pretrial or trial

22  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

23  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

24  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL -

25  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

26  testimony that is entitled to protection, and when it appears that substantial portions of the

27  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

28  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C 07-1377 SBA**

1  have up to 20 days to identify the specific portions of the testimony as to which protection is

2  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

3  CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

4  are appropriately designated for protection within the 20 days shall be covered by the provisions

5  of this Stipulated Protective Order.

6              Transcript pages containing Protected Material must be separately bound

7  by the court reporter, who must affix to the top of each such page the legend

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as

9  instructed by the Party or non-party offering or sponsoring the witness or presenting the

10  testimony.

11              (c) for information produced in some form other than documentary, and

12  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

13  the container or containers in which the information or item is stored the legend

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only

15  portions of the information or item warrant protection, the Producing Party, to the extent

16  practicable, shall identify the protected portions, specifying whether they qualify as

17  "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

18              5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

19  to designate qualified information or items as "Confidential" or "Highly Confidential -

20  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

21  protection under this Order for such material.  If material is appropriately designated as

22  "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially

23  produced, the Receiving Party, on timely notification of the designation, must make reasonable

24  efforts to assure that the material is treated in accordance with the provisions of this Order.

25      6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

26              6.1 Timing of Challenges.  Unless a prompt challenge to a Designating Party's

27  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

28  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

1 | waive its right to challenge a confidentiality designation by electing not to mount a challenge
2 | promptly after the original designation is disclosed.

3 |       6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating
4 | Party's confidentiality designation must do so in good faith and must begin the process by
5 | conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
6 | with counsel for the Designating Party.  In conferring, the challenging Party must explain the
7 | basis for its belief that the confidentiality designation was not proper and must give the
8 | Designating Party an opportunity to review the designated material, to reconsider the
9 | circumstances, and, if no change in designation is offered, to explain the basis for the chosen
10 | designation.  A challenging Party may proceed to the next stage of the challenge process only if
11 | it has engaged in this meet and confer process first.

12 |       6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a
13 | confidentiality designation after considering the justification offered by the Designating Party
14 | may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule
15 | 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the
16 | challenge.  Each such motion must be accompanied by a competent declaration that affirms that
17 | the movant has complied with the meet and confer requirements imposed in the preceding
18 | paragraph and that sets forth with specificity the justification for the confidentiality designation
19 | that was given by the Designating Party in the meet and confer dialogue.

20 |       The burden of persuasion in any such challenge proceeding shall be on the
21 | Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the
22 | material in question the level of protection to which it is entitled under the Producing Party's
23 | designation.

24 |     7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

25 |       7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
26 | disclosed or produced by another Party or by a non-party in connection with this case only for
27 | prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
28 | disclosed only to the categories of persons and under the conditions described in this Order.

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C 07-1377 SBA**

1  When the litigation has been terminated, a Receiving Party must comply with the provisions of

2  section 11, below (FINAL DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons authorized

5  under this Order.

6          7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

7  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

8  disclose any information or item designated CONFIDENTIAL only to:

9          (a) the Receiving Party's Outside Counsel of record in this action, as well

10  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

11  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

12  attached hereto as Exhibit A;

13          (b) the officers, directors, and employees (including House Counsel) of

14  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

15  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

16          (c) experts (as defined in this Order) of the Receiving Party to whom

17  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

18  Bound by Protective Order" (Exhibit A);

19          (d) the Court and its personnel;

20          (e) court reporters, their staffs, and professional vendors to whom

21  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

22  Bound by Protective Order" (Exhibit A);

23          (f) during their depositions, witnesses in the action to whom disclosure is

24  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

25  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

26  Protected Material must be separately bound by the court reporter and may not be disclosed to

27  anyone except as permitted under this Stipulated Protective Order.

28          (g) the author of the document or the original source of the information.

- 8 -

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C 07-1377 SBA**

7.3  Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

- 9 -

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C 07-1377 SBA**

1    that caused the subpoena or order to issue.

2           The purpose of imposing these duties is to alert the interested parties to the
3    existence of this Protective Order and to afford the Designating Party in this case an opportunity
4    to try to protect its confidentiality interests in the court from which the subpoena or order issued.
5    The Designating Party shall bear the burdens and the expenses of seeking protection in that court
6    of its confidential material - and nothing in these provisions should be construed as authorizing
7    or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8           9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
10   Material to any person or in any circumstance not authorized under this Stipulated Protective
11   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
12   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
13   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
14   this Order, and (d) request such person or persons to execute the "Acknowledgment and
15   Agreement to Be Bound" that is attached hereto as Exhibit A.

16          10. FILING PROTECTED MATERIAL. Without written permission from the
17   Designating Party or a court order secured after appropriate notice to all interested persons, a
18   Party may not file in the public record in this action any Protected Material. A Party that seeks
19   to file under seal any Protected Material must comply with Civil Local Rule 79-5.

20          11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the
21   Producing Party, within sixty days after the final termination of this action, each Receiving Party
22   must return all Protected Material to the Producing Party. As used in this subdivision, "all
23   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of
24   reproducing or capturing any of the Protected Material. With permission in writing from the
25   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead
26   of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must
27   submit a written certification to the Producing Party (and, if not the same person or entity, to the
28   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

- 10 -

**STIPULATED PROTECTIVE ORDER**

**CASE NO. C 07-1377 SBA**

1  the Protected Material that was returned or destroyed and that affirms that the Receiving Party

2  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

3  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

4  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

5  correspondence or attorney work product, even if such materials contain Protected Material. Any

6  such archival copies that contain or constitute Protected Material remain subject to this

7  Protective Order as set forth in Section 4 (DURATION), above.

8        12.  MISCELLANEOUS

9            12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

10 person to seek its modification by the Court in the future.

11           12.2    Right to Assert Other Objections.  By stipulating to the entry of this

12 Protective Order no Party waives any right it otherwise would have to object to disclosing or

13 producing any information or item on any ground not addressed in this Stipulated Protective

14 Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

15 the material covered by this Protective Order.

16

17 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

18

19                              **KELLER GROVER LLP**

20 DATED: December 3, 2007          _____/s/ Denise Diaz_____
                                        Attorneys for Plaintiff
21
                                   **GORDON & REES LLP**
22

23 DATED: December 3, 2007          _____/s/ Aaron P. Rudin_____
                                        Attorneys for Defendant
24

25 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

26

27 DATED: ____December 12, 2007_____

28                                      _____
                                        Judge James Larson

_____
            **STIPULATED PROTECTIVE ORDER**        CASE NO.  C 07-1377 SBA

1       I, Aaron P. Rudin, am the ECF User whose ID and password are being used to file this

2  Joint Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest
that Denise Diaz has concurred in this filing.

3

                                         /s/ Aaron P. Rudin

4                                        AARON P. RUDIN

- 12 -

**STIPULATED PROTECTIVE ORDER**

**CASE NO.  C 07-1377 SBA**

**EXHIBIT A**

1

2 <u>EXHIBIT A</u>

3 <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4   I, _____ [print or type full name], of _____ [print or type

5 full address], declare under penalty of perjury that I have read in its entirety and understand the

6 Stipulated Protective Order that was issued by the United States District Court for the Northern

7 District of California on [date] in the case of _____ [insert formal name of the case

8 and the number and initials assigned to it by the court]. I agree to comply with and to be bound

9 by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

10 to so comply could expose me to sanctions and punishment in the nature of contempt. I

11 solemnly promise that I will not disclose in any manner any information or item that is subject to

12 this Stipulated Protective Order to any person or entity except in strict compliance with the

13 provisions of this Order.

14   I further agree to submit to the jurisdiction of the United States District Court for the

15 Northern District of California for the purpose of enforcing the terms of this Stipulated

16 Protective Order, even if such enforcement proceedings occur after termination of this action.

17   I hereby appoint _____ [print or type full name] of

18 _____ [print or type full address and telephone number] as my

19 California agent for service of process in connection with this action or any proceedings related

20 to enforcement of this Stipulated Protective Order.

21     Date: _____

22     City and State where sworn and signed: _____

23     Printed name: _____
    [printed name]
24

25     Signature: _____
    [signature]

26

27

28

- 13 -
**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 07-1377 SBA**

## PROOF OF ELECTRONIC SERVICE
### CCP § 1010.6; CRC 2056; CRC 2060

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I certify and state that I am and was at all times herein mentioned over the age of eighteen years and not a party to the action in which this service is made; that at all times herein mentioned I have been employed in the County of Los Angeles and that my business address is 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071. I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the email service was made.

On December 3, 2007, I transmitted from my computer (e-mail address lruehle@gordonrees.com) located at Gordon & Rees LLP, 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071 (www.gordonrees.com) the following document(s):**JOINT STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☐ | by Federal Express. I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing Federal Express overnight delivery pursuant to Code of Civil Procedure §1013(c). |
| ☒ | **BY ELECTRONIC FILING**. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 3, 2007, at Los Angeles, California.

_/s/ Laurie Ruehle_____
LAURIE RUEHLE

1

**SERVICE LIST**
**Dister v. Applegate, USDC Case No. 07-CV-01277SBA**
2
**(UPDATED 10/12/07)**

| | |
|---|---|
| 3 | Mark R. Thierman, Esq. | Steven L. Miller, Esq. |

Mark R. Thierman, Esq.
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
Email:
***Attorneys For Plaintiff***

Eric A. Grover, Esq.
Jade Butman, Esq.
Elizabeth A. Acevedo, Esq.
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Tel: (415) 543-1305
Fax: (415) 543-7861
Email:
***Attorneys For***
***Plaintiff Robert Dister***

Scott A. Miller, Esq.
LAW OFFICES OF SCOTT A. MILLER,
APC
16133 Ventura Blvd., Ste. 1200
Encino, CA 91436
Tel: (818) 788-8081
Fax: 818
Email:
***Attorneys For Plaintiff***

Steven L. Miller, Esq.
STEVEN L. MILLER, a Professional
Law Corporation
16133 Ventura Blvd., Ste. 1200
Encino, CA 91436
Tel:  (818) 986-8900
Fax:  (818) 990-7900
Email:

Scott Bernstein, Esq.
LAW OFFICES OF SCOTT BERNSTEIN
10510 Superfortress Ave., Suite C
Mather Field, CA 95655
Tel: (916) 447-0100
Fax: (916)_____
Email:
***Attorneys For Plaintiff***