**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT DISTER, *et al.*, | No. C 07-01377 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 24] |
| APPLE-BAY EAST, INC., | |
| Defendant. | |

Before the Court is plaintiff Robert Dister's Motion for Class Certification [Docket No. 24]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, Dister's motion is hereby DENIED WITHOUT PREJUDICE.

## BACKGROUND

This is a putative class action lawsuit brought by patrons of Applebee's restaurants under the Fair and Accurate Credit Transaction Act ("FACTA"), which was passed in 2003 to assist in the prevention of identity theft and credit and debit card fraud. *See* Docket No. 1 at 2; *see also* 15 U.S.C. § 1681. The defendant is Apple-Bay East, Inc., a California corporation that owns and operates 10 Applebee's restaurants. *See* Docket No. 34 at 4.

The lead plaintiff is Robert Dister, a non-practicing attorney and optometry professor at the University of California, Berkeley who, on February 23, 2007, walked into an Applebee's restaurant and purchased a meal for $6.51. Dister Decl. ¶ 3. After paying with his MasterCard, Applebee's provided Dister with an electronic receipt containing the last four digits of his account number and the expiration date of his credit card. *Id.* at ¶ 4. FACTA provides that ". . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date* upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681C(G)(1) (emphasis added).

Dister, on behalf of all others similarly situated, commenced this suit on March 8, 2007, alleging

a violation of 15 U.S.C. § 1681. He seeks to represent a class of people who received an electronic receipt from the defendant on or after December 4, 2006. *See* Docket No. 24 at 4. On October 9, 2007, Dister filed a motion to certify the class. *Id.*

On September 13, 2007, the Court of Appeals granted permission to appeal the district court's decision in *Soualian v. International Coffee and Tea LLC*, Case No. 07-502-RGK (Jcx) (C.D. Cal. June 11, 2007) (Klausner, J.). *See* Docket No. 32, Ex. A at 5. In *Soualian*, a plaintiff filed a FACTA class-action suit after receiving an electronic receipt from the defendant that contained the expiration date of her credit card and the last five digits of her card number. *Id.* at 1. In denying the plaintiff's motion for class certification based on her failure to meet the "superiority" requirement of Federal Rule of Civil Procedure 23(b)(3), the district court reasoned that

> [w]here massive damage awards would be disproportionate to any actual damage caused by the alleged violations, class action is not the superior method of adjudicating class members' claims. Denial of class certification in this case does not prevent any of the Defendant's customers seeking statutory and punitive damages, or those who may have suffered actual damages as a result of Defendant's conduct, from proceeding with individual cases to recover those damages.

*Id.* at 4. As in *Soualian*, the present case involves no allegations of actual harm to individual plaintiffs, but does involve potentially large penalties "in excess of $217 million based solely on an alleged technical violation that resulted in no harm to Plaintiff or anyone else." Docket No. 34 at 4.

## **LEGAL STANDARDS**

Class certification is governed by Federal Rule of Civil Procedure 23, which sets forth a two-step procedure. First, the Court must determine that the following four requirements of Rule 23(a) have been satisfied: (1) numerosity; (2) common questions of law and fact; (3) typicality; and (4) fair and adequate representation. Fed. R. Civ. P. 23(a). Once these requirements are met, the plaintiff must also show that the lawsuit qualifies for class action status under one of the four possibilities found in Rule 23(b). As is relevant here, Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The plaintiff bears the burden of

proving that certification is appropriate. *See Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001).

**ANALYSIS**

The vast majority of District Courts in California that have recently considered motions for class certification in FACTA cases with factual allegations virtually indistinguishable from the case at bar have denied them. *See Frederick Najarian v. Avis Rent A Car*, Case No. 07-588-RGK (Ex) (C.D. Cal. June 11, 2007) (order denying class certification); *Frida Najarian v. Charlotte Russe, Inc.*, Case No. 07-501-RGK (Ctx) (C.D. Cal. June 12, 2007) (same); *Soualian v. International Coffee and Tea LLC*, Case No. 07-502-RGK (Jcx) (C.D. Cal. June 11, 2007) (same); *Torossian v. Vitamin Shoppe Industries*; Case No. 07-532-ODW (Ssx) (C.D. Cal. August 6, 2007) (same); *Evans v. U-Haul Co. of California*, Case No. 07-2097-JFW (Jcx) (C.D. Cal. August 14, 2007) (same); *Spikings v. Cost Plus, Inc.*, Case No. 06-8125-JFW (AJWx) (C.D. Cal. May 25, 2007) (same); *Lopez v. KB Toys Retail, Inc.*, Case No. 07-144-JFW (Cwx) (C.D. Cal. July 17, 2007) (same); *Papazian v. Burberry Ltd.*, Case No. 07-1479-GPS (Rzx) (C.D. Cal. August 3, 2007) (same); *Medrano v. Modern Parking, Inc.*, Case No. 07-2949 PA (AGRx) (C.D. Cal. September 17, 2007) (same); *Serna v. Big A Drug Stores, Inc.*, Case No. SACV 07-0276 CJC (MLGx) (C.D. Cal. October 9, 2007) (same).

In these cases, the plaintiffs alleged that the defendants had violated FACTA by including credit card numbers, expiration dates, or both on printed receipts. *See, e.g., Spikings*, 2007 U.S. Dist. LEXIS 44214, at *1; *Soualian*, 2007 U.S. Dist. LEXIS 44208, at *1; *Najarian*, 2007 U.S. Dist. LEXIS 59879, at *1. Class certification was denied in these cases because the courts found that the plaintiffs could not satisfy Federal Rule of Civil Procedure 23(b)(3)'s requirement that common questions of law or fact predominate over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *See, e.g., Spikings*, 2007 U.S. Dist. LEXIS 44214, at *17; *Soualian*, 2007 U.S. Dist. LEXIS 44208, at *13; *Najarian*, 2007 U.S. Dist. LEXIS 59879, at *6.

The district court's denial of class certification in *Soualian* was appealed and is now pending before the Ninth Circuit Court of Appeals. *See Soualian*, 2007 U.S. Dist. LEXIS 44208, appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007). District Courts in California that have considered

similar motions for class certification in FACTA cases since the appeal of *Soulian* have denied the motions, without prejudice, pending the resolution of the appeal. *See Moon v. Fedex Kinko's Office and Print Services, Inc.*, No. C 06-07657-SI, 2007 WL 3022242, (N.D. Cal. Oct. 15, 2007); *Hile v. Frederick's of Hollywood Stores, Inc.*, No. 07-0715 SC, 2007 WL 3037552 (N.D. Cal. Oct. 17, 2007); *Vartanian v. Estyle, Inc.*, Case No. CV 07-0307 DSF (RCx) (C.D. Cal Nov. 26, 2007).

Accordingly, in the interests of judicial economy and the conservation of resources, this Court joins its sister courts in this and other Districts in California and denies, without prejudice, plaintiff's Motion for Class Certification. Once the Ninth Circuit issues an opinion in the pending case of *Soualian*, plaintiff may refile a Motion for Class Certification.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Class Certification [Docket No. 24] is DENIED without prejudice. Plaintiff may refile their Motion, if appropriate, after the Ninth Circuit issues an opinion in *Soualian*, 2007 U.S. Dist. LEXIS 44208, appeal docketed, No. 07-80100 (9th Cir. Sept. 13, 2007). The parties' respective requests for judicial notice [Docket Nos. 41 & 54] are GRANTED.

IT IS FURTHER ORDERED THAT a Case Management Conference is scheduled in this matter for March 5, 2008 at 3:30 p.m. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 12/24/07

Saundra Brown Armstrong
United States District Judge

4